IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00600-BNB

ROBERT E. STALLINGS,

    Applicant,

v.

MS. PAM PLOUGHE, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 13 2010

GREGORY C. LANGHAM
CLERK

---

## ORDER TO FILE AMENDED APPLICATION

---

Applicant, Robert E. Stallings, is a prisoner in the custody of the Colorado

Department of Corrections who currently is incarcerated at the Colorado Territorial

Correctional Facility in Cañon City, Colorado. He submitted to the Court *pro se* a

Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a

Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254. He also submitted a motion to amend the habeas corpus application.

He has been granted leave to proceed *in forma pauperis* pursuant to § 1915.

The Court must construe Mr. Stallings' filings liberally because he is a *pro se*

litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935

F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se*

litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr.

Stallings will be ordered to file an amended application. The motion to amend the

application will be denied as unnecessary.

Although Mr. Stallings' application is practically unintelligible and nearly unreadable, he appears to be attacking his sentence. He alleges that he was sentenced to a term of two years to the DOC in *People v. Stallings*, El Paso County, Colorado, district court case No. 08CR4674, concurrent with his parole in El Paso County cases No. 03CR5153 and 06CR3310. He also alleges that the intent of his plea agreement was for him to receive 292 days of credit for time served on both his parole cases and in No. 08CR4674. *See* application at Stipulated Motion for Correction of Sentence and Mittimus to Effectuate Plea Agreement at 1.

Rule 10.1 of the Local Rules of Practice for this Court requires that all papers filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E. and G. The application Mr. Stallings has filed, as well as his other handwritten papers, are difficult to read because they are barely legible and single-spaced. The amended application Mr. Stallings will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.

The amended application also should comply with Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(2); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be

2

simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

*Pro se* status does not relieve Mr. Stallings of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110.

Rule 4 of the Rules Governing Section 2254 Cases also requires Mr. Stallings to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Mr. Stallings must clearly allege his claims, and he must allege specific facts to support each asserted claim. Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Mr. Stallings has failed to meet the requirements of D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. The application fails to provide a short and plain statement of his claims that is legible to read and shows he is entitled to relief. Mr. Stallings will be directed to file an amended application that complies with D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. In the amended application, Mr. Stallings is directed to state, clearly and concisely, each claim he intends to assert in this action. Mr. Stallings may not refer to or rely upon attachments or documents external to his amended application to explain his asserted claims or to provide support for the asserted claims. Accordingly, it is

ORDERED that Applicant, Robert E. Stallings, **within thirty days from the date of this order**, file an amended application that complies with this order. It is

FURTHER ORDERED that Mr. Stallings' amended application shall be titled, "Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254," and shall be filed with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A-105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Stallings, together with a copy of this order, two copies of the following form to be used in filing the amended application: Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. It is

FURTHER ORDERED that if Mr. Stallings fails within the time allowed to file an amended application as directed, the application will be denied and the action will be dismissed without further notice. It is

FURTHER ORDERED that the motion to amend the habeas corpus application is denied as unnecessary.

DATED April 13, 2010, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-00600-BNB

Robert E. Stallings
Prisoner No. 136958
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254** to the above-named individuals on 4|13|10

GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk