IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00600-BNB

ROBERT E. STALLINGS,

    Applicant,

v.

JUDGE DAVID MILLER,
KALICKI,
DAVID CHRISTOPHER, DA,
ADAM FRANK, Public Defender, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Applicant, Robert E. Stallings, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. He submitted to the Court *pro se* a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action and an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He also submitted a motion to amend the habeas corpus application. He was granted leave to proceed *in forma pauperis* pursuant to § 1915.

In an order filed on April 13, 2010, Magistrate Judge Boyd N. Boland directed Mr. Stallings to file within thirty days an amended application that complied with Rule 10.1 of the Local Rules of Practice for this Court, with Rule 8 of the Federal Rules of Civil Procedure, and with Rule 4 of the Rules Governing Section 2254 Cases. The April

13 order explained in detail the amended application Mr. Stallings needed to file in order to comply with D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. The April 13 order also denied the motion to amend as unnecessary. On May 6, 2010, Mr. Stallings submitted the amended application.

The Court must construe Mr. Stallings' filings liberally because he is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the amended application will be denied.

Like the application he originally filed, Mr. Stallings' amended application is practically unintelligible and difficult to read. It fails to comply with D.C.COLO.LCivR 10.1 and with the directive in the April 13 order that it be double-spaced and written legibly, in capital and lower-case letters.

From the background information Mr. Stallings provides, he appears to be attacking his sentence. He alleges that he was sentenced to a term of two years to the DOC in *People v. Stallings*, El Paso County, Colorado, district court case No. 08CR4674, concurrent with his parole in El Paso County cases Nos. 03CR5153 and 06CR3310. He also alleges that the intent of his plea agreement was for him to receive 292 days of credit for time served on both his parole cases and in No. 08CR4674. *See* original application at Stipulated Motion for Correction of Sentence and Mittimus to Effectuate Plea Agreement at 1. However, Mr. Stallings' asserted claims are nearly unintelligible. It is not the Court's responsibility to sift

through his claims in an attempt to determine what he intends to allege. The general rule that *pro se* pleadings must be construed liberally has limits and the Court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Like the original application, the amended application, for the reasons Magistrate Judge Boland stated in the April 13 order, fails to comply with Fed. R. Civ. P. 8. The claims in the amended application are replete with vague allegations and legal citations, but short on facts that would allow Respondents to understand the asserted claims and form a responsive pleading. As Magistrate Judge Boland explained in the April 13 order, Mr. Stallings' *pro se* status does not relieve him of the burden of alleging sufficient facts on which a recognized legal claim can be based. *See Fogle v. Pierson*, 435 F.3d 1252, 1263 n.7 (10th Cir. 2006). Conclusory allegations without supporting factual averments are insufficient to state a claim. *Hall*, 935 F.2d at 1110. For these reasons, the amended application also violates Rule 4 of the Section 2254 Rules, which requires Mr. Stallings to go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977).

Mr. Stallings' amended application fails to meet the requirements of D.C.COLO.LCivR 10.1, Fed. R. Civ. P. 8, and Rule 4 of the Section 2254 Rules. In addition, Mr. Stallings fails to name the proper Respondent. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C. § 2242; Rules 2(a) and 1(b) of the Section 2254 Rules;

*Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). The § 2254 application notes that Mr. Stallings should list as Respondent his "warden, superintendent, jailer, or other custodian." *See* amended application at 1.

Accordingly, it is

ORDERED that the amended application submitted by Applicant, Robert E. Stallings, is denied and the action dismissed without prejudice for Mr. Stallings' failure to comply with Rule 10.1 of the Local Rules of Practice for this Court, Rule 8 of the Federal Rules of Civil Procedure, and Rules 1(b), 2(a), and 4 of the Rules Governing Section 2254 Cases.

DATED at Denver, Colorado this __11th__ day of __May__, 2010.

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00600-BNB

Robert E. Stallings
Prisoner No. 136958
Colorado Territorial Corr. Facility
P.O. Box 1010
Cañon City, CO 81215-1010

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 5/11/10

GREGORY C. LANGHAM, CLERK

By: _____
          Deputy Clerk